MORGAN, LEWIS & BOCKIUS LLP
Aimee Mackay, Bar No. 221690
aimee.mackay@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    +1.213.612.2500
Fax:    +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Michael S. Burkhardt (Pro Hac Vice
Forthcoming)
michael.burkhardt@morganlewis.com
1701 Market Street
Philadelphia, PA 19103
Tel:    +1.215.963.5000
Fax:    +1.215.963.5001

Attorneys for Defendant
Amazon.com Services LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA GARCIA,<br><br>                    Plaintiff,<br><br>          v.<br><br>AMAZON.COM SERVICES LLC, a Delaware limited liability company; and DOES 1 through 250, inclusive,<br><br>                    Defendants. | **Case No. 2:20-cv-3818**<br><br>**DEFENDANT AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL**<br><br>Los Angeles Superior Court Case No. 20STCV11090<br><br>[28 U.S.C. §§ 1332, 1441, and 1446] Case<br><br>State Complaint Filed: March 18, 2020<br><br>State Action Served: March 27, 2020 |

# TABLE OF CONTENTS

**Page**

I.    PLEADINGS, PROCESSES, AND ORDERS ................................................1

II.   REMOVAL IS TIMELY ................................................................1

III.  DIVERSITY JURISDICTION EXISTS ..............................................2

    A.    Complete Diversity of Citizenship Exists................................2

        1. Plaintiff Is a Citizen of California.......................................2

        2. Amazon Is a Citizen of Delaware and Washington.......................3

        3. The Amount-in-Controversy Requirement Is Satisfied...................4

IV.   ALL PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED .......9

V.    CONCLUSION .......................................................................9

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Abrego Abrego v. The Dow Chem. Co.*
443 F.3d 676 (9th Cir. 2006)...................................................................................4

*Armstrong v. Church of Scientology Int'l*
243 F.3d 546 (9th Cir. 2000).................................................................................2

*Avila v. Kiewit Corp.*
No. CV 19-5740-MWF-JPR, 2019 WL 4729641 (C.D. Cal. Sept.
26, 2019) ...............................................................................................................7, 8

*Boon v. Allstate Ins. Co.*
229 F. Supp. 2d 1016 (C.D. Cal. 2002)...............................................................2

*Castanon v. Int'l Paper Co.*
No. 2:15-CV-08362-ODW (JC), 2016 WL 589853 (C.D. Cal. Feb.
11, 2016) .................................................................................................................9

*Castillo v. ABM Indus., Inc.*
No. 517CV01889ABKKX, 2017 WL 5609791 (C.D. Cal. Nov. 20,
2017) .......................................................................................................................7

*Castle v. Lab. Corp. of Am.*
No. 17-cv-02295-BRO, 2017 WL 2111591 (C.D. Cal. May 15,
2017) .......................................................................................................................8

*Fisher v. HNTB Corporation*,
No. 2:18-CV-08173-AB-MRW, 2018 WL 6323077 (C.D. Cal. Dec.
3, 2018) ...................................................................................................................6

*Galt G/S v. JSS Scandinavia*
142 F.3d 1150 (9th Cir. 1998)...............................................................................5

*Gibson v. Chrysler Corp.*
261 F.3d 927 (9th Cir. 2001)...............................................................................4

*Hertz Corp. v. Friend*
559 U.S. 77 (2010) ...............................................................................................3

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- ii -

*Kanter v. Warner-Lambert Co.*
265 F.3d 853 (9th Cir. 2001) ............................................................................ 2

*Korn v. Polo Ralph Lauren Corp.*
536 F. Supp. 2d 1199 (E.D. Cal. 2008) ............................................................ 4

*Lew v. Moss*
797 F.2d 747 (9th Cir. 1986) ............................................................................ 2

*Lewis v. Verizon Commc'ns, Inc.*
627 F.3d 395 (9th Cir. 2010) ............................................................................ 2

*Newcombe v. Adolf Coors Co.*
157 F.3d 686 (9th Cir. 1998) ............................................................................ 3

*Olvera v. Quest Diagnostics*
No. 219CV06157RGKSK, 2019 WL 6492246 (C.D. Cal. Dec. 2, 2019) ............................................................................................................ 5

*Reyes v. Staples Office Superstore, LLC*
No. 19-CV-07086-CJC(SKx), 2019 WL 4187847 (C.D. Cal. Sept. 3, 2019) ............................................................................................................ 6

*Richmond v. Allstate Ins. Co.*
897 F. Supp. 447 (S.D. Cal. 1995) ................................................................... 8

*Rippee v. Boston Mkt. Corp.*
408 F. Supp. 2d 982 (S.D. Cal. 2005) .............................................................. 4

*Sanchez v. Monumental Life Ins. Co.*
825 F. Supp. 2d 1005 (E.D. Cal. 2011) ............................................................ 4

*Sasso v. Noble Utah Long Beach, LLC*
No. CV 14-09154-AB, 2015 WL 898468 (C.D. Cal. Mar. 3, 2015) ................... 8

*Schweiss v. Greenway Health, LLC*
No. SACV19644JVSDFMX, 2019 WL 2285350 (C.D. Cal. May 29, 2019) ............................................................................................................ 3

*Simmons v. PCR Tech.*
209 F. Supp. 2d 1029 (N.D. Cal. 2002) ..................................................... 6, 7, 8

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

- iii -

*Williams v. Am. Airlines, Inc.*
No. 19-CV-08434-JSC, 2020 WL 1330388 (N.D. Cal. Mar. 23, 2020) ........................................................................................................ 6, 7

**CALIFORNIA CASES**

*Beasley v. E. Coast Foods, Inc.*
JVR No. 1509250073, 2015 WL 5678367 (Cal. Super. Ct. Sept. 8, 2015) ................................................................................................................ 7

*Massey v. City of Long Beach*
JVR No. 1509220063, 2015 WL 5578119 (Cal. Super. Ct. Sept. 4, 2015) ................................................................................................................ 7

**FEDERAL STATUTES**

28 U.S.C. § 1332 .............................................................................................. passim

28 U.S.C. § 1441 ...................................................................................... 1, 2, 3, 9

28 U.S.C. § 1446(d) ................................................................................................ 9

Fed. R. Evid. 201 ................................................................................................... 6

**CALIFORNIA STATUTES**

Cal. Gov't Code § 12952 ................................................................................... 1, 7

Cal. Gov't Code § 12965(b) .................................................................................. 8

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Amazon.com Services LLC ("Defendant" or "Amazon") hereby removes the above-titled action from the Superior Court of the State of California for the County of Los Angeles, Case No. 20STCV11090, to the United States District Court for the Central District of California.  Removal is based on the following grounds:

**I.     PLEADINGS, PROCESSES, AND ORDERS**

1.     On or about March 18, 2020, Plaintiff Jessica Garcia ("Plaintiff") commenced this action in the Superior Court of the State of California for the County of Los Angeles, titled *Jessica Garcia v. Amazon.com Services LLC; and Does 1 through 250, inclusive*, Case No. 20STCV11090 (the "Complaint").

2.     Plaintiff's Complaint lists one cause of action: Wrongful Termination in Violation of California Government Code Section 12952.

3.     On March 27, 2020, Plaintiff served Amazon with a copy of the Summons and Complaint.  A copy of the documents served on Amazon are attached to the Declaration of Aimee Mackay ("Mackay Decl.") as **Exhibit A.**

4.     The Summons, Complaint, and Civil Process Sheet constitute all the pleadings, process, and orders served upon or by Amazon in the Superior Court action.  Mackay Decl. ¶¶ 2, 3.

**II.     REMOVAL IS TIMELY**

5.     Plaintiff served Amazon with the Summons and Complaint on March 27, 2020.  *See* Mackay Decl., Ex. A at 1.  Because this Notice of Removal is being filed within thirty days of completion of service and within one year of the commencement of this action, it is timely under 28 U.S.C. § 1441. *See* 28 U.S.C. § 1441(b), (c).  No previous notice of removal has been filed or made with this Court.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

## III.    DIVERSITY JURISDICTION EXISTS

6.    This is a civil action over which the Court has original diversity jurisdiction, pursuant to 28 U.S.C. § 1332, and is one which may be removed by Amazon pursuant to 28 U.S.C. § 1441(a) and (b), because the amount in controversy exceeds $75,000,[1] exclusive of interest and costs, and the action involves citizens of different states.

### A.    Complete Diversity of Citizenship Exists

7.    A case may be heard in federal court under diversity jurisdiction if there is complete diversity; that is, all plaintiffs are diverse from all defendants.  28 U.S.C. § 1332(a).  A defendant may remove an action to federal court under 28 U.S.C. § 1332, provided that no defendant is a citizen of the same state in which the action was brought.  28 U.S.C. § 1441(a), (b).

8.    Here, both requirements are met because Plaintiff is a citizen of the State of California, which is where the case was filed, and Amazon is a citizen of Delaware and Washington.

### 1.    Plaintiff Is a Citizen of California.

9.    "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity, citizenship is determined by an individual's domicile at the time the individual files the lawsuit. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

---

[1]  This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint.  Amazon's references to specific or estimated damage amounts are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum.  Amazon maintains that Plaintiff's claim is without merit and that it is not liable to Plaintiff whatsoever, or in any amount.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or should recover any damages, based upon the allegations contained in the Complaint or otherwise, given that "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [a defendant's] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL

In her Complaint, Plaintiff alleges that "at all times mentioned [in the Complaint], she is and has been a resident of Los Angeles, California." Mackay Decl., Ex. A at 4, Compl. ¶ 5. Thus, Plaintiff is a citizen of California for purposes of diversity jurisdiction.

### 2. Amazon Is a Citizen of Delaware and Washington.

10. "For purposes of diversity jurisdiction, a limited liability company takes on the citizenship of each of its members." *Schweiss v. Greenway Health, LLC*, No. SACV19644JVSDFMX, 2019 WL 2285350, at *2 (C.D. Cal. May 29, 2019). Whereas, pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). "[I]n practice it should . . . be the place where the corporation maintains its headquarters . . . ." *Id.*

11. Amazon.com Services LLC is now, and was at the time Plaintiff filed the Complaint, a limited liability company registered under the laws of the State of Delaware. *See* Declaration of Debra Coleman, ¶ 2. The only member of Amazon.com Services LLC is Amazon.com Sales, Inc. *Id.* Amazon.com Sales, Inc. is a Delaware corporation with its headquarters and principal place of business in Washington. *Id.* ¶ 3. Thus, at all times relevant hereto, Amazon has been a citizen of Delaware and Washington and, most importantly, not a citizen of California.

12. The Complaint also names "Does 1 through 250" as defendants in this case. The Court, however, must disregard the citizenship of fictitious "Doe" defendants when evaluating removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441(b)(1) (stating that for purposes of

removal, "the citizenship of defendants sued under fictitious names shall be disregarded").

13. In sum, because Plaintiff is, and was at the time she filed the Complaint, a citizen of California; because Amazon is, and was at the time Plaintiff filed the Complaint, a citizen of Delaware and Washington; and because the citizenship of "Does 1 through 250" must be disregarded, diversity of citizenship currently exists between the parties and existed at the time the Complaint was filed. Thus, diversity of citizenship is satisfied. 28 U.S.C. § 1332.

### 3. The Amount-in-Controversy Requirement Is Satisfied.

14. Federal district courts have original diversity jurisdiction over civil actions where the amount in controversy of the plaintiff's claims exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Removal is proper if, from the allegations in the complaint and the notice of removal, it is more likely than not that the claims exceed $75,000. *Sanchez v. Monumental Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011).

15. Where, as here, the plaintiff does not plead the specific amount of damages she seeks, a court must look beyond the complaint to determine whether the lawsuit meets the jurisdictional requirement. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)). This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Id.* at 1204-05.

16. In determining whether the jurisdictional minimum is met, courts consider all alleged recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Gibson v. Chrysler*

*Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

17. Although Amazon denies Plaintiff's allegations and further denies that she is entitled to any of the relief she seeks, it is clear from the face of the Complaint that the amount in controversy for this case satisfies the applicable standard. Specifically, in her Complaint, Plaintiff alleges that Amazon violated the California Fair Employment and Housing Act ("FEHA") by failing to perform an individualized assessment of her criminal history before denying her employment because of the results of her background check report. *See* Mackay Decl., Ex. A at 6-7, Compl. ¶¶ 15-17. As a threshold concern, Rylem Staffing ("Rylem"), a third-party staffing agency, recommended Plaintiff for a temporary HR Specialist role at an Amazon facility, and Rylem later withdrew Plaintiff from consideration after Rylem reviewed her background check report. *See* Declaration of Jenni Jones ("Jones Decl."), ¶ 3.

18. If successful in proving her FEHA claim, Plaintiff could be entitled to back pay, front pay, emotional distress damages, punitive damages, and attorneys' fees. *See Olvera v. Quest Diagnostics*, No. 219CV06157RGKSK, 2019 WL 6492246, at *2 (C.D. Cal. Dec. 2, 2019) (identifying available damages under the FEHA); *see also* Mackay Decl., Ex. A at 7-8, Compl. ¶¶ 19-20, Prayer ¶¶ 1-5 (seeking relief in the form of los[t] . . . earnings, deferred compensation, overtime and other employment benefits," as well as general damages, compensatory damages for alleged physical injuries and emotional distress, punitive damages, prejudgment interest on her alleged lost wages and benefits, attorneys' fees, and litigation costs). While Amazon denies any and all liability, a conservative good-faith estimate of the value of the alleged damages placed at issue makes clear that the amount in controversy exceeds $75,000.

19. When estimating the sum of a plaintiff's economic damages for purposes of an amount-in-controversy analysis, California district courts calculate

- 5 -

back pay as the wages lost from the date the plaintiff was denied employment to the time of removal, and front pay as the wages lost from the date of removal until trial. *See Williams v. Am. Airlines, Inc.*, No. 19-CV-08434-JSC, 2020 WL 1330388, at *4 (N.D. Cal. Mar. 23, 2020) (calculating back pay for a failure to hire case as the wages lost from the date the plaintiff applied for employment to the date the defendant filed notice for removal); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002). If a trial date has not been set, as is the case here, courts assessing the removability of an employment case have deemed a year from the date of removal as a conservative estimate for purposes of determining prospective front pay damages. *See Reyes v. Staples Office Superstore, LLC*, No. 19-CV-07086-CJC(SKx), 2019 WL 4187847, at *3 (C.D. Cal. Sept. 3, 2019) (citing *Fisher v. HNTB Corporation*, No. 2:18-CV-08173-AB-MRW, 2018 WL 6323077, at *5 (C.D. Cal. Dec. 3, 2018)).

20.     In her Complaint, Plaintiff alleges that she was offered a position as a Human Resources Specialist on September 26, 2019. *See* Mackay Decl., Ex. A at 7, Compl. ¶ 16. Amazon's records indicate that, if Rylem had not withdrawn Plaintiff from consideration, Plaintiff's temporary assignment would have would have started on October 3, 2019. Jones Decl. ¶ 4. Amazon's records further indicate that the Rylem employee ultimately placed in the temporary HR Specialist role is paid by Rylem at a rate of $26.00 per hour and works forty hours per week. *Id.* ¶ 5.

21.     Thus, assuming that Plaintiff started on October 3, 2019 and worked forty hours per week at a rate of $26 per hour, the amount of back pay owed to her, if a court found in her favor, would equal $30,160 as of the date of this Notice.[2] Once supplemented with the year of front pay California courts include in their

---

[2] Amazon requests that the Court take judicial notice of the fact that there are twenty-nine weeks between October 3, 2019 and April 27, 2020. Federal Rule of Evidence 201 allows a court to take judicial notice of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

amount-in-controversy estimates, Plaintiff's economic damages would increase by $54,080 and, in total, amount to $84,240.  Thus, even without considering the punitive damages, attorneys' fees, and damages for pain and suffering Plaintiff has demanded in her Complaint, the $75,000 threshold for removal is already met.

22.     While a conservative estimate of Plaintiff's back pay and front pay confirms the removability of this case, Plaintiff has also demanded compensatory damages for alleged emotional distress. *See* Mackay Decl., Ex. A at 7, Compl. ¶ 19. Such damages should "be considered in determining the amount in controversy." *Avila v. Kiewit Corp.*, No. CV 19-5740-MWF-JPR, 2019 WL 4729641, at *3 (C.D. Cal. Sept. 26, 2019).  Courts in this district have acknowledged that, "in a successful employment discrimination case," emotional distress damages can "be substantial." *See Simmons*, 209 F. Supp. 2d at 1034.  Where, as here, a plaintiff does not specify the amount of emotional distress damages she seeks, "[a] defendant may introduce evidence of jury verdicts in other cases as evidence of a plaintiff's potential emotional distress damages." *Avila*, 2019 WL 4729641, at *3. While the cases a defendant cites in support of its estimate should be similar, they need not be identical.  *See Castillo v. ABM Indus., Inc.*, No. 517CV01889ABKKX, 2017 WL 5609791, at *3 (C.D. Cal. Nov. 20, 2017).

23.     In its review of recently rendered jury awards, Amazon did not find a case wherein the plaintiff alleged a violation of Section 12952 of the FEHA. Nonetheless, precedent in this Circuit highlights that compensatory damages awarded in comparable FEHA matters could, standing alone, satisfy the $75,000 amount-in-controversy requirement. *See Williams*, 2020 WL 1330388, at *4 (denying plaintiff's motion to remand FEHA claim, and citing considerable jury verdicts awarded in FEHA discrimination cases, including *Massey v. City of Long Beach*, JVR No. 1509220063, 2015 WL 5578119 (Cal. Super. Ct. Sept. 4, 2015) (awarding $520,119 in compensatory damages for pain and suffering in FEHA race discrimination case); *Beasley v. E. Coast Foods, Inc.*, JVR No. 1509250073, 2015

WL 5678367 (Cal. Super. Ct. Sept. 8, 2015) (awarding $1,500,000 in compensatory damages for pain and suffering in FEHA race discrimination case)); *see also Castle v. Lab. Corp. of Am.*, No. 17-cv-02295-BRO (PLAx), 2017 WL 2111591, at *4 (C.D. Cal. May 15, 2017) (denying plaintiff's motion for remand and confirming the propriety of defendant's citation to analogous, albeit not identical, cases to establish that emotional distress damages of at least $25,000 could result from a plaintiff's verdict).

24.     Although not completely identical in every respect to the case at bar, the jury verdicts in these comparable matters underscore that the Court's exercise of jurisdiction over this case is proper under 28 U.S.C. § 1332. *See Simmons*, 209 F. Supp. 2d at 1033 (stating that the "fact that the cited cases involve distinguishable facts is not dispositive" and that the cited cases "amply demonstrate the potential for large . . . emotional distress damages awards").

25.     Lastly, should Plaintiff prevail on her claim under the FEHA, she will also be entitled to recover attorneys' fees.  *See* Cal. Gov't Code § 12965(b); *see also* Mackay Decl., Ex. A at 8, Compl., Prayer ¶ 5.  When attorneys' fees are recoverable by statute, they must be factored into a court's determination of the amount in controversy. *See Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (noting that attorneys' fees are included in the amount in controversy "if recoverable by statute").  Here, a conservative estimate of the attorneys' fees Plaintiff would recover if successful in proving her claim is $30,000. In this regard, "[a] number of courts have held that 100 hours and an hourly rate of $300 is an appropriate and conservative estimate for employment cases" for purposes of an amount-in-controversy calculation. *Avila*, 2019 WL 4729641, at *6 (citing *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) ("This Court and others have held that a reasonable rate for employment cases is $300 per hour" and "[r]ecent estimates for the number of hours expended through trial for employment cases in

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

this district have ranged from 100 to 300 hours.")); *Castanon v. Int'l Paper Co.*, No. 2:15-CV-08362-ODW (JC), 2016 WL 589853, at *4 (C.D. Cal. Feb. 11, 2016) ("Adopting the same conservative estimate in this case, the Court concludes that [the plaintiff's] demand for attorneys' fees under FEHA adds at least $30,000 to the amount in controversy.").

26. Thus, and although Plaintiff's economic damages already satisfy the minimum threshold, incorporating the attorneys' fees Plaintiff could recover into the amount-in-controversy calculation confirms that the amount at stake here exceeds $75,000.

27. Because Plaintiff is a citizen of California and Amazon is not, and the amount in controversy for Plaintiff's claim is greater than $75,000, the Court has original jurisdiction over this matter under 28 U.S.C. § 1332.

## IV. ALL PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

28. Venue is proper in this district pursuant to 28 U.S.C. § 1441(a), because this District embraces the county in which the removed action has been pending.

29. Amazon will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

30. By this Notice of Removal and the exhibits hereto, Amazon does not intend to make any admissions of fact, law, or liability relating to the claims in the Complaint, and Amazon expressly reserves the right to make any and all defenses and motions necessary in its defense against Plaintiff's allegations.

## V. CONCLUSION

31. **NOW, THEREFORE**, Amazon respectfully requests that this action be removed from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of

California, and that all future proceedings in this matter take place in the United States District Court for the Central District of California.

Dated:  April 27, 2020                    MORGAN, LEWIS & BOCKIUS LLP


By  /s/ Aimee Mackay
   Aimee Mackay
   Michael S. Burkhardt

   Attorneys for Defendant
   Amazon.com Services LLC